AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched or identify the person by name and address)*<br>An iPhone 13 Pro currently located at<br>135 Trippany Road, Massena, New York 13662 | Case No. 8:25-SW-108 (GLF)<br>USAO No. 2025R00377 |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

located in the Northern District of New York, there is now concealed *(identify the person or describe the property to be seized)*:

Please see Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is (check one or more):
- ☒ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☒ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code, Section 1324(a)(1)(A)(v)(I) | Conspiracy to transport, or move or attempt to transport, an alien who has come to, entered, or remained in the United States in violation of law |

The application is based on these facts:
Please see attached affidavit.

- ☒ Continued on the attached sheet.
- ☒ Delayed notice of 30 days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Border Patrol Agent Benjamin W. LaBaff
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by Telephone *(specify reliable electronic means)*.

Date: May 15, 2025

City and state: Plattsburgh, New York

*Judge's signature*

Hon. Gary L. Favro, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF: an iPhone 13 Pro currently located at 135 Trippany Road, Massena, New York 13662 | Case No.  8:25-SW-108 (GLF) |

## Affidavit in Support of an Application for a Search Warrant

I, Benjamin W. LaBaff, being first duly sworn, hereby depose and state as follows:

### Introduction

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of an iPhone 13 Pro (the "Device"), presently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2. I am a Border Patrol Agent assigned to the Massena Border Patrol Station. I have been a Border Patrol Agent since December 2008. My primary duty is to assist in the prevention of illicit trafficking of people and contraband. I have investigated violations of the Immigration and Nationality Act (INA) including illegal entry of aliens in violation of Title 8, United States Code, Section 1325, and the smuggling of aliens in violation of Title 8, United States Code, Section 1324. I have written and executed search warrants for electronic devices and have reviewed the evidence contained within. I have analyzed data and information from electronic devices and presented that data as evidence during criminal investigations.

3. The applied-for warrant would authorize the forensic examination of the Device, as described in Attachment A, for the purpose of identifying electronically stored data described in Attachment B. Based on my training and experience and the facts set forth in this affidavit, there is probable cause to conclude that Abdoulaye BALDE (hereinafter, BALDE)

1

committed a violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I), conspiracy to transport, or move or attempt to transport, an alien who has come to, entered, or remained in the United States in violation of law. There is also probable cause to search the property described in Attachment A, for evidence of these crimes as described in Attachment B.

4. The facts in this affidavit come from my personal observations, my training and experience, my and others' analysis of various categories of records and information, and information obtained from other law enforcement officers and witnesses. The information contained in this affidavit is not an exhaustive account of everything I know about this event or everything I have learned in this investigation. Rather, it contains only the facts that I believe are necessary to establish probable cause in support of a search warrant. Where statements of others are related in this affidavit, they are related in substance and in part.

### The Device Proposed to be Examined

5. As described further in Attachment A, the Device is located at the Border Patrol Station at 135 Trippany Road, Massena, New York 13662.

### Basis for a Probable Cause Finding

6. On May 9, 2025, between 1 and 2 a.m., a concerned citizen reported to Swanton Sector Dispatch that they witnessed two (2) subjects walking southbound from Canada north of Fort Covington, NY. Additionally, Swanton Sector Dispatch advised Agents of sensor activation on Burns-Holden Road. Agents located the two (2) subjects walking on State Route 37 in Fort Covington. The subjects, BALDE and a woman with the initials H.B., were placed under arrest and transported to the Massena Border Patrol Station for further questioning and processing.

7. BALDE, a citizen of Guinea, was advised of his *Miranda* rights at the station, and chose to speak with agents.

8.      BALDE, a lawful permanent resident of the United States, stated to agents that he first paid a smuggler to be smuggled north into Canada (believing he was wanted by Immigration and Customs Enforcement (ICE)), and then paid the same smuggler to be smuggled south into the United States, each time paying $700. Also, BALDE stated to Agents that he guided and aided another person (H.B.) to illegally cross into the United States with him, and that they were to wait at the Great View Motel in Fort Covington for transportation to arrive.

9.      BALDE stated that he received maps and directions from the smuggler. He showed agents the money transfers and maps on his phone (the Device). The map was of the border area in Fort Covington, with a trail drawn from Quebec, through the border and the forest, into the United States and to State Route 37, ending at the Great View Motel. When asked if Agents could write down the smuggler's number and look further into the phone, BALDE shut off his phone and denied Agents further access.

10.     H.B., a citizen of Sierra Leone, was advised of her *Miranda* rights at the station, and chose to speak with agents. H.B. stated that she had been in Canada and wanted to travel to Washington, D.C. in order to attend her cousin's graduation. H.B. stated that the other person (BALDE) told her that he would help her cross into the United States. H.B. traveled with the other person from Montreal where they were picked up in an SUV and traveled toward the border. Eventually, she and the other person got out of the vehicle and began walking. H.B. stated that she and the other person walked for some distance until Border Patrol encountered them. H.B. stated that the other person (BALDE) was guiding her through the entire event.

11.     Based on my training and experience in this and other cross-border criminal investigations I have been involved with, including individuals entering the United States illegally, individuals crossing the border illegally will often communicate and coordinate via cellular phone

with someone to pick them up once in the United States or to inform them that they successfully crossed the border. Individuals involved in crossing the border illegally often use a cell phone's GPS function to search for and map out potential crossing and pickup locations and to navigate to such places. An additional function of cell phones that can be used by individuals crossing illegally includes the camera, as individuals will often take photos of where they are crossing the border illegally.

12. Additionally, smugglers often communicate with each other using cell phones and download applications to coordinate smuggling events. Smartphones, such as the Device, can also be used to access social media. Based on my training, knowledge, and experience of alien smuggling, I know that social media platforms, such as Facebook, are often used by smugglers to find customers and for communication between smugglers and aliens illegally entering the United States. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

### Electronic Storage and Forensic Analysis

13. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

14. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the devices were used, the purpose of their use, who used them, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

15. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the Device consistent

5

with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant. The examination will be performed by representatives from the Department of Homeland Security and their designees.

16.     *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## Conclusion

17.     I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Device described in Attachment A to seek the items described in Attachment B.

Attested to by the Affiant:

Benjamin W. LaBaff
Border Patrol Agent
United States Border Patrol

I, the Honorable Gary L. Favro United States Magistrate Judge, hereby acknowledge that this affidavit was attested to by the affiant by telephone on May *15*, 2025 in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Hon. Gary L. Favro
United States Magistrate Judge

## ATTACHMENT A

### Property to be Searched

The property to be searched is the following Device: iPhone 13 Pro, seized from Abdoulaye Balde on May 9, 2025, incident to his arrest by Border Patrol. The Device is currently located at the Border Patrol Station at 135 Trippany Road, Massena, New York 13662. This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

1

## ATTACHMENT B

### Particular Things to be Seized

1. All records on the Device described in Attachment A that relate to violations of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I), conspiracy to transport, or move or attempt to transport, an alien who has come to, entered, or remained in the United States in violation of law, involving Abdoulaye Balde and unidentified co-conspirators, including:

   a. All records and information regarding the May 9, 2025 smuggling event described in the search warrant affidavit;

   b. Records identifying people who have been smuggled or who are to be smuggled;

   c. Listings of incoming and outgoing calls with corresponding date/time of calls;

   d. Stored telephone and address directories;

   e. Direct connect and identification numbers;

   f. Pictures and videos;

   g. All audio recordings;

   h. All voicemail recordings;

   i. All location and GPS data;

   j. Financial and payment records;

   k. All instant messaging and related stored communications;

   l. All SMS messages and related stored communications; and,

   m. Any other notations or electronic storage of any kind.

2. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history; Records of Internet activity,

including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

   3.  As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.